UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BRANDON BENJAMIN,                                  Case No. 24 CV 1983
                Plaintiff,

    -against-                                                      **COMPLAINT**

                                                JURY DEMAND
THE CITY OF NEW YORK, DETECTIVE
ADARYLL R. STEPHENS [TAX REG. #955533],
and JOHN DOE AND JANE DOE #1-15 (the names
John and Jane Doe being fictitious, as the true names
are presently unknown),
                Defendants.
------------------------------------------------------------------X

Plaintiff, BRANDON BENJAMIN, by his attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, Detective Adaryll R. Stephens [Tax Reg. #955533], and John Doe and Jane Doe #1-15 (collectively, "defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, and arising under the law and statutes of the City and State of New York.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

COMPLIANCE WITH N.Y. GEN. MUN. LAW REQUIREMENTS

4. Plaintiff timely made and served a notice of claim upon the defendants in compliance with N.Y. Gen. Mun. Law § 50-e.

5. At least thirty days have elapsed since the service of aforesaid notice of claim and adjustment or payment thereof has been neglected or refused, and this action is timely commenced.

THE PARTIES

6. Plaintiff is and was at all times material herein a resident of Brooklyn, County of Kings, City and State of New York.

7. Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

8. The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

9. Defendant Detective Adaryll R. Stephens [Tax Reg. #955533] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

10. Defendants John Doe and Jane Doe #1-15 were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

11. Defendants Stephens and John Doe and Jane Doe #1-15 are collectively referred to herein as "Stephens defendants".

12. Defendants John Doe and Jane Doe #1-15 are collectively referred to herein as "Doe defendants".

13. Stephens defendants and Doe defendants are collectively referred to herein as "defendant officers".

14. At all times material to this Complaint, the defendant officers acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

The January 5, 2023, Incident

15. On or about January 5, 2023, at approximately 2:00 p.m., Stephens defendants, acting in concert, arrested plaintiff without cause at or within the vicinity of 420 Mother Gaston Avenue, Brooklyn, New York, and charged plaintiff with various crimes.

16. Plaintiff, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

17. Prior to the arrest, plaintiff went to a nearby bodega and purchased some refreshments.

18. Plaintiff promptly exited the bodega after making the purchase.

19. Immediately upon exiting the bodega, plaintiff observed Stephens defendants aggressively charging and running after him in what seemed to be a hot pursuit.

20. Upon approaching the plaintiff, Stephens defendants forcibly grabbed him and slammed him down to the floor.

21. Plaintiff sustained facial injuries and was dizzy and lightheaded.

22. Stephens defendants then proceeded to further assault the plaintiff by kicking, punching, shoving, pulling, and pushing the plaintiff.

23. Eventually, Stephens defendants tightly handcuffed the plaintiff causing the plaintiff to experience pain and numbness.

24. After the handcuffing, Stephens defendants forcibly pulled the plaintiff up by his neck area causing the plaintiff to experience severe pain and trauma.

25. Upon information and belief, Stephens defendants subjected the plaintiff to an illegal search.

26. Stephens defendants did not recover any contraband from their unlawful search of the plaintiff.

27. Plaintiff inquired on multiple occasions as to the reason for his arrest.

28. Stephens defendants did not respond to the plaintiff's inquiries.

29. Eventually, Stephens defendants forcibly placed the plaintiff inside their police vehicle and transported the plaintiff to NYPD-73rd Precinct.

30. While at the precinct, Stephens defendants subjected the plaintiff to an illegal and unlawful search.

31. Stephens defendants did not recover any contraband from their unlawful search of the plaintiff.

32. Nonetheless, Stephens defendants continued to detain the plaintiff at the precinct.

33. After detaining the plaintiff at the precinct for a lengthy period of time, plaintiff was transported to Central Booking to await arraignment.

34. At some point following his arrest, Stephens defendants met with prosecutors employed by the Kings County District Attorney's Office.

35. During this meeting, Stephens defendants falsely stated to the prosecutors, among other things, that the plaintiff committed the charged crime/offense(s), and later forwarded to the prosecutors their falsified police records and reports.

36. Relying upon the police records, reports and statements, the prosecutors initiated criminal actions against the plaintiff.

37. Eventually, the plaintiff was arraigned on a criminal court complaint sworn to by Stephens defendants falsely charging the plaintiff with various crimes.

38. Upon arraignment, plaintiff was released on his own recognizance but was required to return to the criminal court to defend the false charges levied against him.

39. Ultimately, the false charges levied against the plaintiff were dismissed and sealed.

The March 17, 2023, Incident

40. On or about March 17, 2023, at approximately 12:00 a.m., Doe defendants, acting in concert, arrested plaintiff without cause at or within the vicinity of

4

|     | |
| --- | --- |
|     | his home which is located at 157 Belmont Avenue, Apt. 1H, Brooklyn, New York, and charged plaintiff with various crimes. |
| 41. | Plaintiff, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made. |
| 42. | Prior to the arrest, plaintiff stepped out of his apartment for a meeting with one of his friends. |
| 43. | As plaintiff was making his way towards the entrance/exit door of his apartment complex, he was abruptly stopped by Doe defendants who immediately demanded his identification. |
| 44. | Plaintiff promptly complied as he was directed. |
| 45. | Shortly thereafter, Doe defendants proceeded to tightly handcuff the plaintiff causing the plaintiff to experience pain and numbness. |
| 46. | Doe defendants subjected the plaintiff to an illegal search. |
| 47. | Doe defendants did not recover any contraband from their unlawful search of the plaintiff. |
| 48. | Plaintiff inquired on multiple occasions as to the reason for his arrest. |
| 49. | Doe defendants did not respond to the plaintiff's inquiries. |
| 50. | Eventually, Doe defendants forcibly placed the plaintiff inside their police vehicle and transported the plaintiff to Police Service Area 2. |
| 51. | While at the precinct or station house, Doe defendants subjected the plaintiff to an illegal and unlawful search. |
| 52. | Doe defendants did not recover any contraband from their unlawful search of the plaintiff. |
| 53. | Plaintiff was informed at some point that he had an outstanding warrant. |
| 54. | Plaintiff however did not have any outstanding warrant and had been previously arrested by Doe defendants under similar circumstances for a nonexistent warrant. |
| 55. | Plaintiff duly advised Doe defendants that he did not have any outstanding warrant and reminded them that they had previously arrested him under similar circumstances but subsequently released him because he did not have any outstanding warrant. |

56. Nonetheless, Doe defendants continued to detain the plaintiff at the precinct or station house.

57. After detaining the plaintiff at the precinct or station house for a lengthy period of time, the plaintiff was transported to Central Booking to await arraignment.

58. After detaining the plaintiff at the Central Booking for a lengthy period of time, the plaintiff was informed that he did not have any outstanding warrant and was released from his unlawful detention.

59. Upon information and belief, many police officers assigned to NYPD-73rd Precinct and Police Service Area 2, which cover the plaintiff's neighborhood, are familiar with the plaintiff and his friends and family.

60. Defendant officers would often stop, frisk, search, and/or detain the plaintiff and his friends and family whenever they run into them, and would threaten and/or call out the plaintiff and his friends and family by name on the rare occasions when they do not stop or detain them.

61. Each and every officer who responded to and/or was present at the location of the arrest(s) and at the precinct and/or station house knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

62. Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiff.

63. As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

64. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 63 of this complaint as though fully set forth herein.

65. The conduct of defendant officers, as described herein, amounted to false arrest.

66. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

67. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: UNREASONABLE DETENTION - against defendant officers

68. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 67 of this complaint as though fully set forth herein.

69. Defendant officers denied plaintiff his due process right to be free from continued detention after it was or should have been known that plaintiff was entitled to release.

70. The conduct of defendant officers, as described herein, amounted to unreasonable detention.

71. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

72. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: UNREASONABLE SEARCH & SEIZURE - against defendant officers

73. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 72 of this complaint as though fully set forth herein.

74. Defendant officers subjected plaintiff to unreasonable search & seizure.

75. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

76. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>FOURTH CAUSE OF ACTION: MALICIOUS PROSECUTION - against Stephens defendants</u>

77. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 76 of this complaint as though fully set forth herein.

78. Stephens defendants forwarded to the prosecutors their falsified records and statements.

79. Relying upon the records and statements, the prosecutors initiated criminal actions against the plaintiff.

80. Plaintiff was arraigned on criminal court complaint(s) sworn to by Stephens defendants falsely charging the plaintiff with crimes.

81. Plaintiff was required to, and did, appear in court to defend himself from the false charges levied against him with malice by defendants.

82. Because of the conduct of the defendants, plaintiff was maliciously prosecuted.

83. Eventually, the criminal proceedings terminated in plaintiff's favor.

84. The conduct of Stephens defendants, as described herein, amounted to malicious prosecution.

85. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

86. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the Stephens defendants, individually and severally.

FIFTH CAUSE OF ACTION: FABRICATION OF EVIDENCE AND DENIAL OF RIGHT TO A FAIR TRIAL - against defendant officers

87. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 86 of this complaint as though fully set forth herein.

88. Defendant officers manufactured evidence of criminality against the plaintiff likely to influence a jury's decision which the prosecutors relied upon to initiate criminal actions against the plaintiff.

89. The plaintiff was deprived of his liberty as a result.

90. The conduct of defendant officers, as described herein, amounted to fabrication of evidence and denial of right to a fair trial.

91. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

92. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers

93. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 92 of this complaint as though fully set forth herein.

94. The conduct of defendant officers, as described herein, amounted to excessive use of force.

95. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

96. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: DENIAL OF RIGHT TO EQUAL PROTECTION - against defendant officers

97. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 96 of this complaint as though fully set forth herein.

98. Defendant officers routinely engage in racial profiling and were motivated in arresting and assaulting the plaintiff simply because he is black.

99. Defendant officers do not arrest, assault, or profile similarly situated white people who engaged in similar conduct as the plaintiff. For example, defendants do not arrest, assault, or profile similarly situated white people who simply purchased items from a bodega or who simply opened their apartment door and attempted to leave their apartment complex.

100. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

101. Consequently, plaintiff has been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTH CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

102. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 101 of this complaint as though fully set forth herein.

103. That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

104. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

105. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

106. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

NINTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE/SCREEN AND MUNICIPAL POLICY - against defendant City

107. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 106 of this complaint as though fully set forth herein.

108. Defendant City of New York, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in robbery, narcotics, drugs, guns, weapons and/or other illicit activities.

109. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

110. For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), the court observed that defendant City had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling.

111. In *Ligon v. City of New York*, 925 F. Supp. 2d 478 (S.D.N.Y. 2013), the court determined that defendant City, acting through the NYPD, engages in unlawful stop and frisk. *See also Davis v. City of New York*, 959 F. Supp. 2d 324 (S.D.N.Y. 2013) (same).

112. Notably, numerous civil rights complaints filed in this district and other courts have similarly alleged that many of the police officers involved in this

11

case, including the defendant officers, routinely stop and frisk and manufacture evidence of criminality against individuals who are members of racial/ethnic minority groups, such as the plaintiff, in order to arrest and maliciously prosecute them. *See, e.g., Bilal Jacks v. City of New York* (Case No. 20 CV 1012).

113. Defendant City has settled numerous lawsuits in this district against several police officers assigned to the NYPD-73rd Precinct and Police Service Area 2 alleging, among other things, that the police officers unlawfully stopped and frisked, falsely arrested, and maliciously prosecuted the plaintiffs without probable cause. *See, e.g., Tiara Weber v. City of New York* (Case No. 22 CV 4518); *Bilal Jacks v. City of New York* (Case No. 20 CV 1012); *Trevonne King v. City of New York* (Case No. 19 CV 3361); *Warren Monk v. City of New York* (Case No. 18 CV 6458).

114. Despite the numerous complaints of civil rights violations described hereinabove, there has been no meaningful attempt on the part of defendant City to forestall further incidents and/or even to investigate claims that police routinely fabricate evidence, arrest innocent citizens without probable cause, and use excessive force in the arrest of innocent citizens.

115. As a result of defendant City's failure to properly train, supervise, discipline, or screen its police officers, defendant officers unlawfully arrested the plaintiff.

116. Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

117. The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in

        particular, the right to be secure in his person and property, to be free from abuse of process, the excessive use of force and the right to due process.

118. By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

<u>TENTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 6, 11, & 12 - against defendants</u>

119. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 118 of this complaint as though fully set forth herein.

120. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

121. In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11, & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

122. The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his

constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

123. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

ELEVENTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants

124. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 123 of this complaint as though fully set forth herein.

125. The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

126. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TWELFTH CAUSE OF ACTION: TORTS (MALICIOUS PROSECUTION) - against defendants

127. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 126 of this complaint as though fully set forth herein.

128. The conduct of defendant officers, as described herein, amounted to malicious prosecution.

129. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRTEENTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants

130. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 129 of this complaint as though fully set forth herein.

131. By reason of and as a consequence of the conduct of defendant officers, plaintiff sustained bodily injuries with the accompanying pain.

132. The conduct of the defendants, as described herein, amounted to assault and battery.

133. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTEENTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

134. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 133 of this complaint as though fully set forth herein.

135. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

136. Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the arrest, assault, detention and imprisonment by defendants.

137. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTEENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

138. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 137 of this complaint as though fully set forth herein.

139. Upon information and belief, defendant City failed to properly train, supervise or discipline its agents, servants, employees, officers and/or representatives, including the defendant officers, concerning correct practices in conducting investigations, the proper identification procedures, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

140. Upon information and belief, defendant City failed to properly screen, hire and/or retain the defendant officers.

141. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

142. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

143. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

144. Upon information and belief, defendant City's negligence in screening, hiring and retaining defendant officers proximately caused plaintiff's injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

a. For compensatory damages against all defendants in an amount to be proven at trial;

b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

d. For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
       March 18, 2024

                              UGO UZOH, P.C.

By:    *Ugochukwu Uzoh*
       Ugochukwu Uzoh
       Attorney for the Plaintiff
       56 Willoughby Street, Third Floor
       Brooklyn, N.Y. 11201
       Tel. No: (718) 874-6045
       Fax No: (718) 576-2685
       Email: u.ugochukwu@yahoo.com